IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY (NEWARK DIVISION)

| | |
|---|---|
| NELSON ESTRELLA-ROSALES and JOANN ESTRELLA, individually and as husband/wife<br><br>Plaintiffs,<br><br>v.<br><br>TACO BELL CORPORATION; YUM! BRANDS INC.; ABC CORPORATION (1-10), and JOHN DOES 1-10<br><br>Defendants. | Case No. _____<br><br>NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, and 1446<br><br>(Superior Court of New Jersey, Middlesex County, Docket No. MID-L-005928-19) |

## NOTICE OF REMOVAL OF CIVIL ACTION

Defendant Taco Bell Corp. ("Defendant") hereby removes this action from the Superior Court of New Jersey, Middlesex County Law Division, to the United States District Court for the District of New Jersey, Newark Division, pursuant to 28 U.S.C. §§ 1441 and 1446. The grounds for removal are as follows:

### I. INTRODUCTION AND FACTUAL BACKGROUND

1. Plaintiffs Nelson Estrella-Rosales and Joann Estrella ("Plaintiffs") commenced this action on August 15, 2019 by filing a Complaint in the Superior Court of New Jersey,

Middlesex County Law Division, Case No. MID-L-005928-19. Pursuant to 28 U.S.C. § 1446(a), a true and legible copy of the Complaint is attached hereto as **Attachment A**. No proceedings have occurred in the action.

2. The Complaint alleges, *inter alia*, that Plaintiffs incurred losses in the form of time wasted, gasoline expended to drive their vehicle, and in the amount of $2.18 as a result of Defendant's allegedly misleading television commercial that offered for sale to the public Chalupa Cravings Boxes for $5 at certain participating locations. Plaintiffs seek damages for (1) compensatory damages; (2) treble damages; (3) punitive damages; and (4) attorney's fees, among other things. Defendant denies that Plaintiffs are entitled to any such damages or that Plaintiffs' claims have any merit, but these are the amounts that Plaintiffs have put in controversy.

3. As further set forth below, jurisdiction over this case is proper based on diversity. Complete diversity exists between all Plaintiffs and the properly joined and served Defendant.

**II.   THERE IS PROPER SUBJECT MATTER JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP**

4. Defendant removes this action on the basis of complete diversity of citizenship pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. There is complete diversity between Plaintiffs and Defendant.

**A.   This Notice of Removal Is Timely**

5. Plaintiffs served the Defendant with the Complaint and Summons in this action on August 22, 2019.

6. Pursuant to 28 U.S.C. § 1446(b), a defendant has thirty days to remove after service on that defendant. 28 U.S.C. § 1446(b)(2)(B); *see also Murphy Bros., Inc. v. Michetti*

*Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (holding that the thirty-day period runs from formal service of the complaint).

7. This Notice of Removal is timely because Defendant brings this Notice of Removal within thirty days of service of the summons and Complaint.

**B.  Diversity of Citizenship**

8. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1441 because the action could have been filed in this Court under 28 U.S.C. § 1332. This is a civil action in which there is complete diversity of citizenship between the Plaintiffs and properly joined and served Defendant, and the amount in controversy, as set forth below, exceeds the sum of $75,000, exclusive of costs and interest.

9. Plaintiffs are citizens of New Jersey. (Attachment A, ¶ 1.)

10. Taco Bell Corp., a wholly owned subsidiary of Yum! Brands, Inc., is a California corporation with its principal place of Business in Irvine, California. (Attachment A, ¶ 2.) Thus, Taco Bell Corp. is a citizen of California.

11. Defendant Yum! Brands, Inc. is a North Carolina corporation with its principal place of business in Louisville, Kentucky. (Attachment A, ¶ 3.) Thus, Yum! Brands, Inc. is a citizen of both Kentucky and North Carolina.

12. Plaintiffs also name "ABC Corporations 1–10" and "Does 1–10" as defendants, but do not provide any information as to their citizenship. (*See* Attachment A, ¶¶ 4–5.) Complete diversity exists and removal is proper with unidentified defendants. 28 U.S.C. § 1441(b)(1) ("[T]he citizenship of defendants sued under fictitious names shall be disregarded."); *see Mucci v. Decision One Mortg.*, 2012 WL 3757035, at *3 (D.N.J. Aug. 9, 2012) ("The

citizenship of parties with fictitious names . . . are disregarded for purposes of determining diversity.").

### C. Amount-in-Controversy

13. The amount in controversy for diversity removal is satisfied. Plaintiffs did not demand a precise amount of monetary damages but instead sought damages in an unspecified amount for (1) compensatory damages; (2) treble damages; (3) punitive damages; and (4) attorney's fees, among other things. (*See* Attachment A, pp. 9, 11.)

14. Although Defendant denies that Plaintiffs' claims have any merit, Defendant avers, for the purposes of meeting the jurisdictional requirements for removal only, that Plaintiffs requested monetary recovery exceeds $75,000.

15. First, though any award of compensatory damages would be small,[1] Plaintiffs allege that they are entitled to punitive damages because Defendant's conduct was "wanton and/or reckless and/or willful and/or outrageous and intentional." (Attachment A, ¶ 79.) "[P]unitive damages are properly considered in determining whether the jurisdictional amount has been satisfied." *Packard v. Provident Nat. Bank*, 994 F.2d 1039, 1046 (3d Cir. 1993). Here, New Jersey's Punitive Damages Act imposes a statutory cap on punitive damages that far exceeds $75,000—Plaintiffs may be awarded up to five times compensatory damages "or $350,000, whichever is greater." N.J.S.A. 2A:15-5.14. Even plaintiffs with relatively small actual damages have been awarded punitive damages under this statute at the $350,000 maximum. *See, e.g., Axact (PVT), Ltd. v. Student Network Resources, Inc.*, No. 07–5491 (FLW),

---

[1] Plaintiffs allege that the loss they suffered amounted to the "time wasted driving to Taco Bell, the gasoline expended to drive their vehicle to the subject Taco Bell, and in the amount of $2.18, which is the difference between what they should have been charged ($10.00 before taxes) and what they were charged ($12.18 before taxes)." (Attachment A, ¶ 19.).

4

2008 WL 4754907, at *1 (D.N.J. Oct. 22, 2008) (awarding punitive damages of $350,000 to penalize Axact's false and misleading representations where the loss suffered amounted to $843.25). Though Defendant disputes that there is proof of any unlawful or wrongful conduct on their part, or any other basis for such an award of punitive damages, an award of punitive damages, alone, could exceed $75,000.

16. Second, Plaintiffs allege that they are entitled to attorneys' fees. (Attachment A, pp. 9, 11.) The Third Circuit has held that "in calculating the amount in controversy, we must consider potential attorney's fees." *Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997). Indeed, this Circuit has explained that although 28 U.S.C. § 1332 excludes "interests and costs" from the amount in controversy, "attorney's fees are necessarily part of the amount in controversy if such fees are available to successful plaintiffs under the statutory cause of action." *Id.* Because Plaintiffs assert claims under the New Jersey Consumer Fraud Act, attorney's fees are necessarily part of the amount in controversy calculation. (Attachment A, ¶¶ 36–65) *See* N.J.S.A. 56:8-19 ("In all actions under this section . . . the court shall also award reasonable attorney's fees, filing fees, and reasonable costs of suit."). Coupled with an award for punitive and compensatory damages, attorney's fees associated with litigating this case are sufficient to satisfy the required amount in controversy. *See, e.g., Raspa v. Home Depot*, 533 F.Supp.2d 514, 522 (2007) (finding the jurisdictional amount met where Plaintiffs sought punitive damages and "attorneys' fees, which alone can exceed six figures").

17. Based on the foregoing, Plaintiffs' claim for damages and related costs exceed the requisite amount in controversy for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a). Accordingly, this action meets the jurisdictional minimum in controversy, and removal to this Court is proper.

## II.     PROCEDURAL REQUIREMENTS OF REMOVAL ARE SATISFIED

18.     The District of New Jersey is the federal judicial district encompassing the Superior Court of the State of New Jersey, Middlesex County Law Division, where this suit was originally filed. Venue is therefore proper in this district under 28 U.S.C. § 1441(a).

19.     Jurisdiction pursuant to 28 U.S.C. § 1332 requires the consent of all defendants that have been properly joined and served. 28 U.S.C. § (b)(2)(A). Defendant Taco Bell Corp. consents to this removal. Defendant Yum! Brands, Inc. has not been served and need not consent to removal. (Attachment B (Proof of Service); (Attachment D (Declaration of Jack Day). The unidentified Defendants ABC Corporations and Does 1–10 are not required to consent to removal. *See American Asset Finance, LLC v. Corea Firm*, 821 F. Supp. 2d 698, 699–700 (D.N.J. 2011) (nominal parties are not required to consent to removal).

20.     Defendant provided Plaintiffs with written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d).

21.     Pursuant to 28 U.S.C. § 1446(d), Defendant is also filing a copy of this Notice of Removal with the Clerk of the Superior Court of New Jersey, Middlesex County Law Division.

22.     This case is removed subject to and without waiver of any challenges that Defendant may have as to personal jurisdiction, proper venue, or any other claims or defenses that may be available to Defendant, all of which are expressly reserved.

23.     Defendant respectfully reserves the right to amend or supplement this Notice of Removal as may be appropriate.

WHEREFORE, all of the requirements of 28 U.S.C. §§ 1331 and 1441(a) have been satisfied, and Notice is hereby given that this action is removed from the Superior Court of New

Jersey, Middlesex County Law Division, to the United States District Court for the District of New Jersey.

Respectfully submitted,

Dated: September 20, 2019

By: /s/ Allen Burton
ALLEN BURTON (NJ Bar #020742001)
aburton@omm.com
O'MELVENY & MYERS LLP
7 Times Square
New York, NY 10036
Phone: (212) 326-2067
Facsimile: (212) 326-2061

*Attorney for Defendant*
*Taco Bell Corp.*

## **CERTIFICATE OF SERVICE**

I, Allen Burton, do hereby certify that a true and correct copy of the foregoing Notice of Removal with lower court documents attached, Civil Cover Sheet, and Rule 7.1 Disclosure Statement of Defendant Taco Bell Corp. was filed on the date set forth below and served upon the following counsel:

SISSELMAN & SCHWARTZ, LLP
Douglas S. Schwartz Esq.
75 Livingston Avenue, Suite 302
Roseland, New Jersey 07068-3738

MAZIE SLATER KATZ & FREEMAN, LLC
Matthew R. Mendelsohn, Esq.
103 Eisenhower Parkway
Roseland, New Jersey 07068
*Attorneys for Plaintiffs*


Dated:  September 20, 2019          By: /s/ Allen Burton
                                        ALLEN BURTON (NJ Bar #020742001)
                                        aburton@omm.com
                                        O'MELVENY & MYERS LLP
                                        7 Times Square
                                        New York, NY 10036
                                        Phone: (212) 326-2067
                                        Facsimile:  (212) 326-2061

                                        *Attorney for Defendant*
                                        *Taco Bell Corp.*