# ATTACHMENT A

**SISSELMAN & SCHWARTZ, LLP**
*DOUGLAS S. SCHWARTZ ESQ.; ID # 038771991*
75 Livingston Avenue | Suite 302
Roseland, New Jersey 07068-3738
TELEPHONE NO.: (973) 533-0770
FACSIMILE NO.: (973) 533-0780

**MAZIE SLATER KATZ & FREEMAN, LLC**
Matthew R. Mendelsohn, Esq. (ID#: 015582005)
103 Eisenhower Parkway
Roseland, New Jersey  07068
(973) 228-9898

*Attorneys for Plaintiffs, Nelson S. Estrella-Rosales &*
*Joann Estrella, individually & as husband/wife*

| | |
|---|---|
| NELSON ESTRELLA-ROSALES and JOANN ESTRELLA,<br>individually and as husband/wife<br><br>                                 **Plaintiffs,**<br><br>                 **v.**<br>TACO BELL CORPORATION;<br>YUM! BRANDS INC.;<br>ABC CORPORATIONS (1-10), and JOHN<br>DOES 1-10 which are fictitious entities whose<br><br>                                **Defendants.** | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: MIDDLESEX COUNTY<br>DOCKET NO: MID-L-<br><br><u>**CIVIL ACTION**</u> |

Plaintiffs, Nelson Estrella and Joann Estrella ("plaintiffs") by way of Complaint, say:

<u>**PARTIES**</u>

1.      At all times relevant hereto, plaintiffs are individual persons and husband and wife who reside at 300 Market Street, Middlesex, New Jersey.

2.      Defendant, Taco Bell Corporation with its principle place of business listed as 1 Glen Bell Way, Irvine, CA 92618, a wholly owned subsidiary of Yum Brands!, is a fast food restaurant chain that specializes in Mexican-style fast food.

3.      Defendant, Yum! Brands Inc. with its principle place of business listed as 1441 Gardiner Lane, Louisville, KY 40213 is the owner/operator of the Taco Bell Corporation.

4.    ABC Corporations 1-10 are fictitious defendants who are entities who have yet to be identified by plaintiffs as defendants but whose identity as defendants may be revealed during the period of discovery that will occur relative to this action and who may be liable for plaintiffs' damages as referenced herein.  Such entities may include but are not necessarily limited to corporations or businesses which facilitated, assisted or benefited from in any way the transaction at issue involving the plaintiffs.

5.    John Does 1-10 are fictitious defendants who are entities and/or individuals who have yet to be identified by plaintiffs as defendants but whose identity as defendants may be revealed during the period of discovery that will occur relative to this action and who may be liable for plaintiffs' damages as referenced herein.  Such individuals/entities may include but are not necessarily limited to, salespeople, agents, managers, owners, shareholders, agents, independent contractors, customer service representatives, and the like.

6.    For brevity's sake and where appropriate, all of the defendants referenced above shall hereafter be collectively referred to as "defendants", "defendant sellers" or "sellers."

7.    Unless otherwise specified, all allegations and counts set forth below are directed against all defendants named herein, fictitious or otherwise.

## BACKGROUND

8.    In May 2018, the defendants engaged in an extensive advertising campaign on television, the internet and print, advertising the sale of "Cravings Boxes" to the public for the price of $5.00.

9.    In May 2018, plaintiffs viewed defendants thirty-second television commercial commonly referred to as "The Librarian," which clearly and unambiguously offered for sale to the public, Chalupa Cravings Boxes for $5.00.

10.     In May 2018, after having viewed the defendant's "Librarian" television commercial, plaintiffs were induced to travel in their personal automobile, to a Taco Bell restaurant located at 225-227 US Highway 22 Green Brook, N.J. at approximately 8 p.m. to specifically purchase two Chalupa Cravings Boxes.

11.     After ordering two "Chalupa Cravings Boxes" plaintiffs were provided with a cash register receipt charging $12.18.

12.     Plaintiffs were charged a total of $12.99, inclusive of $0.81 of N.J. sales tax, for the purchase of the two "$5 Chalupa Cravings Boxes".

13.     After the sales receipt was handed to the plaintiffs, they questioned the restaurant's management why they were charged $12.18 for two $5.00 Cravings Boxes that should have cost $10.00 and they were told that individual Taco Bell did not have to charge what was advertised and they were "covered with the legal fine print" in their advertising.

14.     Defendants knew or should have known that the "Librarian" television advertising and other similar advertising would be viewed by members of the public including the plaintiffs and/or other prospective purchasers.

15.     Defendants expected the "Librarian" television commercial to reach consumers, like the plaintiffs, and be an inducement to purchase the defendants' Cravings Boxes.

16.     Defendants included in the advertising campaign, a disclaimer which stated that "prices may vary" which violated New Jersey Administrative Code N.J.A.C. 13:45A –9.2(a)(5) and constituted a per se violation of the New Jersey Consumer Fraud Statute N.J.S.A. 56:8-1 et seq.

17.     Defendants knew or should have known that the $5 price of the Cravings Boxes was a material issue for the plaintiffs and other similarly situated consumers.

18.     Defendants knew or should have known that the $5 price of the Cravings Boxes could not be negated with the use of legal fine print set forth in a type size and style that was unclear and inconspicuous relative to the other type sizes and styles used in the advertisement and that the use of such fine print was a violation of the consumer fraud act to bait/advertise to consumers.

19.     As a result, the plaintiffs who were induced by this false and misleading advertisement have sustained an ascertainable loss, in the form of time wasted driving to the subject Taco Bell, the gasoline expended to drive their vehicle to the subject Taco Bell, and in the amount of $2.18, which is the difference between what they should have been charged ($10.00 before taxes) and what they were charged ($12.18 before taxes).[1]

20.     Defendants made untrue, deceptive or misleading misrepresentations of material facts to and omitted and/or concealed material facts from plaintiffs regarding the price of the craving's boxes in its promotional advertising campaigns.

21.     Defendants' statements and omissions were undertaken with the intent that consumers would rely on such misinformation and/or omissions.

22.     Defendants concealed and/or hid from plaintiff and other consumers facts and/or information resulting in an ascertainable loss to plaintiff and other consumers.

23.     Defendants intentionally suppressed and/or hid material information in the legal fine print which is contrary to the New Jersey Administrative Code N.J.A.C. 13:45 A– 9.2(a)(5) and a per se violation of the New Jersey Consumer Fraud Statute pursuant to N.J.S.A. 56:8-1, et seq.

---

[1] Plaintiffs recognize that they also incurred damages in the amount of overpayment in Sales tax because of the underlying overcharge, but are not including those damages in this matter.

24.    Defendants use of misinformation and misrepresentations was motivated by a desire to secure increased profits.

25.    Defendants intentionally engaged in such misconduct in order to capture the largest market share possible relative to the sale of its fast food.

26.    Defendants committed conduct likely to deceive plaintiffs by engaging in acts and/or practices as aforesaid with the intent to induce plaintiffs and other consumers to purchase its cravings boxes.

27.    Plaintiffs reasonably relied on defendants' aforesaid misrepresentations and/or omissions contained on its commercial advertisements.

28.    Defendant's intentionally suppressed and/or hid material information resulted in the purchase of the cravings boxes by the plaintiff and other consumers resulting in an ascertainable loss in the form of time wasted driving to the subject Taco Bell, the gasoline expended to drive their vehicle to the subject Taco Bell, and in the amount of $2.18.

29.    As a result of defendants' aforesaid misconduct, defendants sold cravings boxes to plaintiffs and other consumers and in return reaped huge profits therefrom.

30.    As a result of defendants' aforesaid misconduct, defendants have been and shall continue to be unjustly enriched at plaintiffs' expense.

31.    Defendants' sale of the cravings boxes as aforesaid involved an unconscionable commercial practice, deception, fraud, false pretense, false promise or misrepresentation against plaintiffs.

32.    Defendants knowingly concealed, suppressed or omitted a material fact and/or facts from plaintiffs with intent that plaintiffs rely upon same as aforesaid.

33. Prior to filing suit and via their counsel, plaintiffs served defendants with a demand to be made whole and cease their deceptive and fraudulent marketing campaign, but defendants failed to comply with said demand.

34. As a direct and proximate result of such misconduct, to date, plaintiff incurred losses relative to defendants' misconduct in the form of time wasted driving to the subject Taco Bell, the gasoline expended to drive their vehicle to the subject Taco Bell, and in the amount of $2.18.

35. Plaintiffs retained an attorneys and bring this action to recover damages associated with the aforesaid misconduct.

### COUNT I

### VIOLATION OF THE NEW JERSEY ADMINISTRATIVE CODE - ADVERTISING PRACTICES & PER SE VIOLATION OF THE NEW JERSEY CONSUMER FRAUD ACT

36. Plaintiffs repeat all of the allegations contained in the previous paragraphs as if fully set forth herein.

37. This count is directed against all defendants.

38. Plaintiffs are "persons" as defined by N.J.S.A. 56:8-1(d).

39. Defendants are "persons" as defined by N.J.S.A. 56:8-1(d).

40. Defendants' advertising of the cravings boxes constituted an "advertisement" as defined by N.J.S.A. 56:8-1(a).

41. Defendant's sale of cravings boxes are "merchandise" as defined by N.J.S.A. 56:8-1(c).

42. The sale of the cravings boxes to plaintiffs by defendants was a "sale" as defined by N.J.S.A. 56:8-1(e).

43. Accordingly, under the facts alleged in this complaint, plaintiffs are consumers entitled to the protection and remedies provided for by N.J.S.A. 56:8-1, et seq.

44. Pursuant to New Jersey Administrative Code N.J.A.C. 13:45 A –9.2(a)(5) it is a per se violation of the New Jersey Consumer Fraud Statute to "**use of any type, size, location, lighting, illustration, graphic depiction or color resulting in the obscuring of any material fact**. Disclaimers permitted or required under this section, such as "terms and conditions apply" and "quantities limited," **shall be set forth in a type size and style that is clear and conspicuous relative to the other type sizes and styles used in the advertisement.**

45. Defendants knowingly concealed, suppressed or omitted material facts in its advertising from plaintiffs with intent that plaintiffs rely upon same. Specifically, defendants advertising campaign clearly and unambiguously advertised on television, internet and in print, in large bold lettering "$5 Craving Box".

46. Despite the clear and unambiguous advertisement that customers could obtain a "$5 Craving Box," defendants committed a per se violation of the consumer fraud act by negating the offer by reference to the fine print by stating "prices may vary."

47. Defendants unlawfully obscured a material fact (i.e. the price of the product) by utilizing a disclaimer in a type size and style that was obviously not clear and conspicuous relative to the other type sizes and styles utilized in the advertisement violated the New Jersey Administrative Code N.J.A.C. 13:45 A –9.2(a)(5) and N.J.S.A. 56:8-1, et seq.

48. Defendants $5 price designation is set forth in the middle of the commercial advertisement in type print which is 2 inches in height by 1.5 inches.

49. Defendants disclaimer "prices may vary" is located at the bottom of the commercial advertisement in type print 1/8 of an inch in height by 1/16 of an inch in width,

which violates the New Jersey Administrative Code N.J.A.C. 13:45 A –9.2(a)(5) and N.J.S.A. 56:8-1, et seq.

50.    Defendants intentional choice of type set for its price disclaimer is 1/16 the height and 1/24 the width of the size of the type set chosen for the $5 price inducement, which violates the New Jersey Administrative Code N.J.A.C. 13:45 A –9.2(a)(5) and N.J.S.A.    56:8-1, et seq.

51.    Defendants $5 price designation is prominently displayed throughout the 30 second television commercial and in the middle of the screen.

52.    Defendants price disclaimer, that "prices may vary", is visible for only 3 seconds of the 30 second television commercial at the bottom of the screen which violate the New Jersey Administrative Code N.J.A.C. 13:45 A –9.2(a)(5) and N.J.S.A. 56:8-1, et seq.

53.    Defendants $5 price designation is portrayed in bright yellow against a black background.

54.    Defendants price disclaimer, that "prices may vary," is portrayed in a light white color against a light grey background which violates the New Jersey Administrative Code N.J.A.C. 13:45 A –9.2(a)(5) and N.J.S.A. 56:8-1, et seq.

55.    Defendants price disclaimer, that "prices may vary," is not conspicuous "relative to the other type sizes and styles utilized in the advertisement" and violates the New Jersey Administrative Code N.J.A.C. 13:45 A –9.2(a)(5) and N.J.S.A. 56:8-1, et seq.

56.    Defendants engaged in an unconscionable commercial practice, deception, fraud, false pretense, false promise or misrepresentation against plaintiffs.

57.    The aforesaid misrepresentations were material to the transaction(s) at issue.

58.    Defendants knowingly concealed, suppressed or omitted a material fact from plaintiffs with intent that plaintiffs rely upon same.

59.     Plaintiffs in fact reasonably relied upon the aforesaid concealment and/or omissions of material fact to plaintiffs' detriment.

60.     Said misconduct also constitutes a violation of N.J.S.A. 2C:21-8, which provides further evidence that said defendants committed an unlawful practice constituting a violation of N.J.S.A. 56:8-2.

61.     As a result of defendants' aforesaid misconduct, plaintiffs sustained an ascertainable loss capable of being calculated with a reasonable degree of certainty.

62.     In light of the aforesaid, said defendants and/or their employees and/or servants and/or agents violated N.J.S.A. 56:8-1, et seq.

63.     Prior to filing suit, plaintiffs propounded a demand upon the defendants named herein to make plaintiffs whole and cease their deceptive and fraudulent marketing but defendants refused to comply.

64.     As set forth on the certification(s) annexed to this pleading, plaintiffs complied with the requirements of N.J.S.A. 56:8-20, et seq.

65.     Plaintiffs bring this action pursuant to N.J.S.A. 56:8-19 and in accordance therewith, seek statutory treble damages, attorney's fees, filing fees and court costs.

**WHEREFORE**, plaintiffs demand judgment against all defendants named to this count jointly and/or severally for:  (1) Compensatory damages; (2) The remedies provided for under any state and/or federal statutes pled herein, including but not limited to treble damages pursuant to N.J.S.A. 56:8-19, recovery of ascertainable losses for loss of money and/or property pursuant to N.J.S.A. 56:8-19, a refund of all moneys acquired by means of any practice declared unlawful as permitted by N.J.S.A. 56:8-2.11-12, all statutory/equitable remedies afforded by N.J.S.A. 56:8-1, et seq. and/or the remedies afforded fraud victims under the common law and/or pursuant

to N.J.S.A. 2A:32-1, et seq.; (3) Any other applicable consequential, incidental, nominal and expectation damages; and (4) Lawful interest, attorney's fees, costs and such other and further relief as the court shall deem equitable and just.

### COUNT II

### COMMISSION OF COMMON LAW LEGAL AND EQUITABLE FRAUD

66.    Plaintiffs repeat all of the allegations contained in the previous paragraphs as if fully set forth herein.

67.    This count is directed against all defendants.

68.    Defendants made certain misrepresentations and/or omissions of presently existing or past fact material fact to plaintiffs with regard to the contract and/or the transaction.

69.    Specifically, those misrepresentations included, but are not necessarily limited to, the price of the cravings boxes.

70.    Defendants knew or should have known that the aforesaid representations were false and/or inaccurate.

71.    Defendants knew that omissions of material fact were made relative to the contract and/or transaction.

72.    Defendants made the aforesaid misrepresentations and/or omissions of material fact knowingly and/or willfully, with knowledge and/or belief of the falsity of the misrepresentations and/or omissions at issue.

73.    Defendants made the aforesaid misrepresentations and/or omissions of material fact with the intent to mislead plaintiffs or with reckless disregard for truth and/or accuracy.

74.    At all times relevant to the events set forth herein, defendants acted knowingly with the intent to cause plaintiffs' reliance thereon.

75.    The aforesaid misrepresentations and/or omissions of material fact were material to the contract and/or transaction at issue.

76.    Plaintiffs in fact reasonably relied upon the aforesaid misrepresentations and/or omissions of material fact to plaintiffs' detriment.

77.    As a result of defendants' conduct, plaintiffs suffered damages.

78.    Said conduct on defendants' part constitutes the commission of legal and/or equitable fraud against plaintiffs.

79.    Defendants' conduct as aforesaid was wanton and/or reckless and/or willful and/or outrageous and intentional and thus, plaintiffs submit that said misconduct entitles plaintiffs to an award of punitive damages.

**WHEREFORE**, plaintiffs demand judgment against all defendants named to this count jointly and/or severally for: (1) Compensatory damages; (2) The remedies provided for under any state and/or federal statutes pled herein, including but not limited to treble damages pursuant to N.J.S.A. 56:8-19, recovery of ascertainable losses for loss of money and/or property pursuant to N.J.S.A. 56:8-19, a refund of all moneys acquired by means of any practice declared unlawful as permitted by N.J.S.A. 56:8-2.11-12, all statutory/equitable remedies afforded by N.J.S.A. 56:8-1, et seq. and/or the remedies afforded fraud victims under the common law and/or pursuant to N.J.S.A. 2A:32-1, et seq.; (3) Any other applicable consequential, incidental, nominal and expectation damages; and (4) Lawful interest, attorney's fees, costs and such other and further relief as the court shall deem equitable and just.

### DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury as to all issues raised herein.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, DOUGLAS S. SCHWARTZ, Esq. is designated as trial counsel in this matter.

## NOTICE PURSUANT TO R. 1:5-1(a) AND R. 4:18-4(c)

Take notice that, pursuant to Rule 1:5-1(a) and 4:18-4(c), plaintiffs hereby demand that each party named in the complaint that serves or receives pleadings of any nature (including discovery requests) to or from any other party to the action, forward copies of same along with any documents provided in answer or response thereto to counsel for plaintiffs and take notice that this is a continuing demand.

SISSELMAN & SCHWARTZ, LLP

Dated: August 12, 2019          By:  _____
                                      DOUGLAS S. SCHWARTZ
                                      Attorneys for Plaintiff

Matthew R. Mendelsohn
MAZIE SLATER KATZ & FREEMAN, LLC
103 Eisenhower Parkway
Roseland, New Jersey  07068

## CERTIFICATION OF COMPLIANCE WITH RULE 1:38-7(C)

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

## CERTIFICATION PURSUANT TO R. 4:5-1

The undersigned certifies that, upon their initial review of this matter, the matters in controversy in this action are not the subject of any other action pending in any other court or of a pending arbitration proceeding, that no other action or arbitration proceeding is currently contemplated and that they are unaware of any other parties who currently should be joined to this action.

## CERTIFICATION OF SERVICE PURSUANT TO N.J.S.A. 56-8:20

As required by N.J.S.A. 56-8:20, the undersigned hereby certifies that on the below referenced date they caused a copy of the complaint to be served upon the following offices via first class United States Mail, postage prepaid:

Office of the Attorney General
Richard J. Hughes Justice Complex,
P.O. Box 80, Trenton, NJ, 08625-0080.

I certify that the foregoing information in this certification is true and correct and if any of such information is willfully false, that I am subject to punishment.

SISSELMAN & SCHWARTZ, LLP

Dated: August 12, 2019          By: _____

DOUGLAS S. SCHWARTZ
Attorneys for Plaintiff

MID-L-005928-19   08/15/2019 1:04:52 PM  Pg 1 of 1 Trans ID: LCV20191448190

# Civil Case Information Statement

Case Details: MIDDLESEX | Civil Part Docket# L-005928-19

**Case Caption:** ESTRELLA-ROSALES NELSON  VS TACO
BELL CORPORATIO

**Case Initiation Date:** 08/15/2019

**Attorney Name:** DOUGLAS S SCHWARTZ

**Firm Name:** SISSELMAN & SCHWARTZ, LLP

**Address:** 75 LIVINGSTON AVE

ROSELAND NJ 07068

**Phone:** 9735330770

**Name of Party:** PLAINTIFF : Estrella-Rosales, Nelson

**Name of Defendant's Primary Insurance Company
(if known):** Unknown

**Case Type:** TORT-OTHER

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same
transaction or occurrence)?** NO

THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
        **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
        **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO        **Title 59?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

**08/15/2019**                                                                                                 **/s/ DOUGLAS S SCHWARTZ**
**Dated**                                                                                                                                      **Signed**