O'Melveny

O'Melveny & Myers LLP
Times Square Tower
7 Times Square
New York, NY 10036-6537

T: +1 212 326 2000
F: +1 212 326 2061
omm.com

January 29, 2020

**Allen W. Burton**
D: +1 212 326 2282
aburton@omm.com

**VIA ECF**

Hon. William J. Martini, U.S.D.J.
District Court Judge
U.S. District Court for the District of New Jersey
U.S. District Court and Post Office
1 Federal Square
Newark, New Jersey 07102

Re:   **_Estrella v. Taco Bell Corp._, Case No. 2:19-cv-18192-WJM-MF**

Dear Judge Martini:

I represent Taco Bell Corp. ("Taco Bell") in the above-reference matter, and I write in response to Plaintiffs' January 28, 2020 letter that purports both to be a request for leave to file a surreply and to serve as that proposed surreply. As Plaintiffs acknowledge, surreplies are strongly disfavored under Local Rule 7.1(d)(6). And as explained below, Plaintiffs provide no reason that a surreply is necessary or appropriate under the circumstances.

Plaintiffs fault Taco Bell for supposedly introducing "new" evidence in its reply, consisting of additional screenshots of the same website that Taco Bell presented with its motion. (Ltr. at 1.) Specifically, Taco Bell submitted screenshots of cached information from tacobell.com that showed that the basic functionality of the website in 2018 mirrored its present functionality, which allows anyone to locate a Taco Bell restaurant and see the prices offered at that location.

First, Plaintiffs misunderstand the purpose of these screenshots, which Taco Bell provided as exemplars solely for the Court's convenience. The Court is free to browse the Taco Bell website itself, as it did in _Popejoy_, because the fact that Taco Bell hosts a website at tacobell.com is a judicially noticeable fact not subject to reasonable dispute. _See_ Fed. R. Evid. 201(b); _Popejoy v. Sharp Elecs. Corp._, 2016 WL 3381229, at *3–4 (D.N.J. June 9, 2016). The Court's consideration of the Taco Bell website here would be no different from its consideration of the Sharp Electronics website in _Popejoy._ And, contrary to Plaintiffs' assertion that a declarant with personal knowledge must authenticate each Taco Bell webpage, the Court in _Popejoy_ directly cited the Sharp website it viewed online, without any declaration attaching authenticated images of the website. _Id._ at *4.

Second, nothing Taco Bell says about its website in its reply brief is new argument, in any event. Taco Bell simply rebuts Plaintiffs' unsubstantiated assertion in their opposition brief that the functionality of the Taco Bell website may have been different in 2018. That is exactly what a reply brief is for. Plaintiffs' latest theory, first raised in their current letter, that the website might have had different functionality _just in the month of May 2018_, is unfounded and implausible on its face.

Lastly, Plaintiffs purport to cry foul after Taco Bell observed in its reply that the image of the "Librarian" ad reproduced in Plaintiffs' opposition brief appeared "doctored" because the colors and contrast were distorted and unrepresentative of the actual TV ad. (Ltr. at 2.) Plaintiffs' letter to the Court reveals exactly how and why that screenshot appears distorted: Plaintiffs' counsel apparently searched the internet and found a low-resolution, streaming version of the ad on a website called "iSpot.tv," which is itself a reformatted and compressed video file, and then used a software tool to create a "screenshot" of what was displayed on counsel's computer, which was then pasted into Plaintiffs' brief and held out to be an accurate representation of the TV ad in dispute. In short, what Plaintiffs have reproduced in their brief is itself a distortion of a distortion. Taco Bell is entitled to challenge what Plaintiffs have done here. That is especially true when one considers that Taco Bell provided the original, high-resolution version of the "Librarian" ad to Plaintiffs—the same version it provided to this Court—along with courtesy copies of its motion over a month ago. It also produced the same video in response to Plaintiffs' discovery requests. There was no reason, therefore, for Plaintiffs to go to such extraordinary lengths to find a grainy and discolored version of the commercial to present to the Court.

For these reasons, a surreply is unnecessary and inappropriate, and no portions of Taco Bell's reply should be struck.

Respectfully yours,

*/s/ Allen Burton*

Allen W. Burton


cc: All Counsel of Record (via ECF)