UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

NELSON ESTRELLA-ROSALES and
JOANN ESTRELLA, individually and as
husband/wife,

    Plaintiffs,

v.

TACO BELL CORPORATION; YUM!
BRANDS INC.; ABC CORPORATION (1-
10), and JOHN DOES 1-10,

    Defendants.

Civ. No. 2:19-18192 (WJM)

OPINION

**WILLIAM J. MARTINI, U.S.D.J.:**

In this action, Plaintiffs seek damages stemming from their purchase of two Chalupa Cravings Boxes for a rate of $5.99 from Defendant Taco Bell Corp. ("Taco Bell") after viewing a television ad promoting the items for $5.00. Before the Court is Defendant's Motion for Judgment on the Pleadings, ECF No. 14. For the reasons set forth below, Defendant's motion is **GRANTED**.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

In May 2018, Taco Bell ran a nationwide promotion for the Chalupa Cravings Box—a value box that included five items: a Beefy 5-Layer Burrito, a Chalupa Supreme, a Crunchy Taco, Cinnamon Twists, and a Medium Fountain Drink. ECF No. 1, Compl. ¶ 8. The television ad for the Chalupa Cravings Box at issue in this case, called the "Librarian," featured a librarian who secludes herself away from a group of children to enjoy a moment of respite along with a Chalupa Cravings Box. *Id.* The ad concluded with a full-screen view of the Chalupa Cravings Box and its contents, along with the text "$5 Chalupa Cravings Box." In the same frame as the "$5" message, the advertisement included the following qualifying disclosure about the $5 promotional price: "At participating locations for a limited time. Prices may vary. Tax extra." *Id.* ¶ 16.

Plaintiffs allege that they viewed "The Librarian" advertisement in May 2018, *id.* ¶ 16, and that they "were induced to travel" to the Taco Bell branded restaurant located at

225–227 US Highway 22, Green Brook, New Jersey ("Green Brook Restaurant" or "Restaurant") around 8:00 p.m. on an unknown date "to specifically purchase two Chalupa Cravings Boxes." *Id.* ¶ 10. The Green Brook Restaurant displayed "point of purchase" advertising for the Chalupa Cravings Box on a menu board that indicated that the restaurant charged $5.99 for the item. Ex. A, Gebhardt Decl. ¶ 5. Plaintiffs allege that, after ordering two "Chalupa Cravings Boxes," they were provided with a receipt charging them $12.18 before tax. *Id.* ¶ 11. That receipt indicated that the Green Brook Restaurant charged $5.99 for the Chalupa Cravings Box. Def.'s Mot. Ex. C. The receipt also indicated that Plaintiffs chose to pay $0.20 extra for a soft taco substitution ($0.10 for each box). *Id.* Plaintiffs were charged a total of $12.99, inclusive of $0.81 of New Jersey sales taxes. *Id.* ¶ 12. Plaintiffs allege that, after they were handed the receipt, they "questioned the restaurant's management why they were charged $12.18 for two $5.00 Cravings Boxes." *Id.* They allege the manager informed them that individual Taco Bell restaurants, such as the Green Brook Restaurant, operate as franchises that can set their own prices. Compl. ¶ 13.

On August 15, 2019, Plaintiffs Nelson Estrella-Rosales and Joann Estrella sued Taco Bell in the Superior Court of New Jersey, Middlesex County, bringing this individual action for compensatory damages (based on an alleged $1.98 overcharge), punitive damages, and attorneys' fees. Compl. ¶ 65. Plaintiffs purport to state two claims for relief: (1) violation of the New Jersey Consumer Fraud Act ("CFA"), and (2) common law fraud. *Id.* Invoking this Court's diversity jurisdiction, Taco Bell removed the action on September 20, 2019. ECF No. 1.

## II. STANDARD OF REVIEW

Rule 12(c) of the Federal Rules of Civil Procedure provides that "a party may move for judgment on the pleadings" after the pleadings are closed. Fed. R. Civ. P. 12(c). "A motion for judgment on the pleadings based on the defense that the plaintiff has failed to state a claim is analyzed under the same standards that apply to a Rule 12(b)(6) motion [to dismiss]." *Revell v. Port Auth. of N.Y., N.J.*, 598 F.3d 128, 134 (3d Cir. 2010). That is, the court must accept the truth of all factual allegations in the complaint and must draw all reasonable inferences in favor of the non-movant, *id.*, but "may [also] consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Ben. Guar. Corp. v. White Consol. Industries, Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). For claims sounding in fraud, a plaintiff fails to state a claim unless the circumstances of fraud are pleaded with particularity in compliance with Rule 9(b). *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1417 (3d Cir. 1997).

A Rule 12(c) motion should be granted "if the movant establishes that 'there are not material issues of fact, and he is entitled to judgment as a matter of law.'" *Zimmerman v. Corbett*, 873 F.3d 414, 417 (3d Cir. 2017) (quoting *Sikirica v. Nationwide*

*Ins. Co.*, 416 F.3d 214, 220 (3d Cir. 2005)). It is "well settled that a court may determine as a matter of law that an allegedly deceptive advertisement would not have misled a reasonable consumer." *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013) (per curiam).

## III. DISCUSSION

The New Jersey Consumer Fraud Act ("CFA") prohibits, in relevant part, "[t]he act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise." N.J. Stat. Ann. § 56–8:2. Under the CFA, "[t]o constitute consumer fraud . . . the business practice in question must be 'misleading' and stand outside the norm of reasonable business practice in that it will victimize the average consumer." *New Jersey Citizen Action v. Schering–Plough Corp.*, 367 N.J.Super. 8, 13, 842 A.2d 174 (App.Div.2003) (quoting *Turf Lawnmower Repair, Inc. v. Bergen Record Corp.*, 139 N.J. 392, 416, 655 A.2d 417 (1995)). Often, the determination of whether business conduct "stand[s] outside the norm of reasonable business practice" presents a jury question. *Id.* Nonetheless, in recognition of the fact that the "capacity to mislead ... is the prime ingredient of all types of consumer fraud [under the CFA]," *Turf,* 139 N.J. at 416, 655 A.2d 417, and that "[m]ere customer dissatisfaction does not constitute consumer fraud," *Van Holt v. Liberty Mut. Fire Ins. Co.,* 163 F.3d 161, 168 (3d Cir.1998), courts have dismissed CFA complaints for failure to state a claim where plaintiffs have failed to allege that the defendant engaged conduct that could be considered misleading within the meaning of the Act. *See, e.g., Adamson,* 463 F.Supp.2d at 501; *Schering–Plough,* 367 N.J.Super. at 13, 842 A.2d 174; *see also Wendling v. Pfizer, Inc.,*2008 WL 833549, at *4 (App.Div. Mar. 31, 2008); *Delaney v. American Express Co.,* No. 06–5134, 2007 WL 1420766, at *7 (D.N.J. May 11, 2007). Because the alleged misleading conduct at issue here does not stand outside the norm of reasonable business practice in that it will victimize the average consumer, the Court concludes that there are no material issues of fact, and Defendant is entitled to judgment as a matter of law.

It is a violation of the CFA to use "any type, size, location, lighting, illustration, graphic depiction or color resulting in the obscuring of any material fact." N.J.A.C. 13:45 A –9.2(a)(5). "Disclaimers permitted or required under this section, such as 'terms and conditions apply' and 'quantities limited,' shall be set forth in a type size and style that is clear and conspicuous relative to the other type sizes and styles used in the advertisement." *Id.* Plaintiff argues that Defendant violated N.J.A.C. 13:45 A-9.2(a)(5) by including disclaimer language that is smaller than other language in the shot, such as the five dollar price designation. ECF No. 22, Pls.' Resp. 6-7. Relying on its own screenshot of the final shot of the Librarian ad showing both the price designation and the

3

disclaimer, Plaintiff states that the disclaimer is "portrayed in white against a light grey background, making it difficult to see and not conspicuous." *Id.* at 7. Defendant responds that the screenshot in Plaintiff's response brief shows the disclaimer on a "white or light gray" background, when in fact the ad includes white text against a dark gray background, and surmises that this image "appears to have been doctored." ECF No. 23, Def.'s Reply, 12. Both Plaintiffs' and Defendant's sourced version of the Librarian ad—respectively, a video file provided to the Court, and a screenshot purportedly taken from a website, iSpot.tv, which "captures commercials as they are actually displayed on television" via streaming video—show white text against a background that is a considerably darker gray than the image in Plaintiff's opposition brief. *See* Def.'s Mot, Ex. A; ECF No. 24, Pls.' Letter; Pls.' Resp. 7. The Court finds that the disclaimer in the Librarian ad stating in part, "At participating locations for a limited time" and "Prices may vary," is clear and conspicuous, and no material fact is obscured. It is commonplace for television advertisements to contain some kind of qualifying disclaimers in the closing seconds of the commercial. Just as "anyone familiar with fast-food restaurants ... surely knows that prices are typically displayed on menus located near the registers," *Killeen v. McDonald's Corp.*, 317 F. Supp. 3d 1012, 1013 (N.D. Ill. 2018), anyone familiar with television ads for consumer products knows that these disclaimers are often presented at the end of the ad, toward the bottom of the screen. While the disclaimer at issue here is smaller than font displaying the five dollar purchase price of the Chalupa Cravings Box, it is nevertheless clear and conspicuous, and consistent with "the norm of reasonable business practice."

Point-of-purchase advertising at the Green Brook Restaurant plainly disclosed the price at that location.[1] Plaintiffs fail to state a claim for consumer fraud where they affirmatively chose to buy a menu item—and even paid extra for substitutions—after being put on notice that the Chalupa Cravings Box was not being offered for $5 at the restaurant they chose to visit. Here, "anyone familiar with fast-food restaurants . . . surely knows that prices are typically displayed on menus located near the registers."

---

[1] Plaintiffs argue that Defendant cannot rely on point of purchasing advertising because it is "extraneous to the Complaint and claims asserted because none are 'integral to or expressly relied upon' by the Plaintiffs." Pls.' Resp. 7 (citing *In re Burlington Coat Factory Sec. Litig.*, 113 F.3d 1410, 1426 (3d Cir. 1997). A court may consider a document if it is "integral to" the complaint or "if the plaintiff's claims are based on the document," regardless of whether the plaintiff explicitly mentions the document or claims to have subjectively relied on it in making his purchase. *Burlington Coat Factory*, 114 F.3d at 1425 (citing *In re Donald J. Trump Casino Sec. Litig.*, 7 F.3d 357, 368 n.9 (3d Cir. 1993)). "[W]hat is critical is whether the claims in the complaint are 'based' on an extrinsic document and not merely whether the extrinsic document was explicitly cited." *Id.* Because Plaintiffs' visit to the Green Brook Restaurant, where they were exposed to in-store advertising, is central to their claims, the Court will consider point of purchasing advertising.

*Killeen*, 317 F. Supp. 3d at 1013. Just as in *Killeen*, "a straightforward, price-to-price comparison based on information available at the point of purchase would unequivocally dispel any misleading inference that could be drawn from" Taco Bell's advertising. *Id.*

In sum, Plaintiffs were on notice of the $5.99 price of a Chalupa Cravings Box at the Green Brook Restaurant, yet decided to make the purchase anyway, including the $0.20 substitution for two soft-shell tacos. Plaintiffs did not reasonably rely on any misleading inference they claim could be drawn from the "Librarian" ad, and they could not have been injured by any of the accurate information conveyed in that ad, which did not contradict any information Plaintiffs received at the Green Brook Restaurant.

## IV. CONCLUSION

Because Plaintiffs' claims fail as a matter of law, they fail to state a claim upon which relief can be granted under Rule 12(c). Defendants' Motion for Judgment on the Pleadings is **GRANTED**. Plaintiffs' Complaint is **DISMISSED WITH PREJUDICE**.

*/s/ William J. Martini*
**WILLIAM J. MARTINI, U.S.D.J.**